Harold E. Koreman, J.
Petitioners, members of the Capitol Police, a department of the Office of General .Services, seek a judgment pursuant to CPLR article 78 annulling their performance ratings as made and determined by their superiors, and further, that they be awarded salary increments or other benefits (withheld as a result of their performance ratings.
¡Subdivision 1 of section 131 of the Civil ¡Service Law provides for annual salary increments for employees in the classified civil service of the ¡State, unless his services during the year immediately preceding shall have been found to be inefficient and unsatisfactory under the rules established by the commission, which rules shall be posted or published and shall, as far as practicable, be uniform throughout the service. The *823 uniform Performance Rating Rules promulgated ¡by the Department of Civil Service provide in section 35.1 (4 ¡NYCRR 35.1) that a performance rating means an annual summary judgment of the employee’s performance and conduct prepared by his supervisor for the purpose of determining the employee’s eligibility for salary increment and promotion, which shall be recorded only as “ satisfactory ” or £,< unsatisfactory ”. Both/ petitioners were given an unsatisfactory performance rating for the year 1973 by their supervisor, a Lieutenant in the Capitol Police Division of the Office of General Services, and such ratings were reviewed !by and concurred in by the Chief of the Capitol Police. The basis for the unsatisfactory performance rating was that petitioners used an excessive amount of sick leave well above the average sick leave for the year 1973; that each reported tardy for work a total of 19 times during the year when the average number of times tardy in the division was six; that the tardiness continued even after they were each given written warnings regarding their tradiness. The report of unsatisfactory work performance concludes that each officer’s continued attitude towards attendance rules has affected his job performance and that of his assigned division in that staffing is uncertain and causes hardships in obtaining sufficient coverage. Petitioners’ appeals to both the Office of General Services Review Board and the Civil Service iCommission, as provided for in the Performance Rating Rules, were dismissed. The Office of General Services has established and published rules and schedules establishing penalties for tardiness as required by attendance rules. (Rules and Regulations of the Department of Civil Service, § 20.3.) Petitioners contend that harsher and different punishment was imposed on them as compared with the penalties provided for in the attendance rules, and that said rules make no provision for the imposition of an unsatisfactory performance rating with the consequent loss of a salary increment. While these are not disciplinary proceedings as contemplated by section 75 of the '.Civil Service Law, it should be noted that the rule relating to tardiness states that the penalties shall not preclude disciplinary action in cases of excessive tardiness.
The court may not substitute its judgment for that of an administrative body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion. (Matter of Pell v. Board of Educ., 34 N Y 2d 222.) In my opinion there was a rational basis for the judgment made by petitioners’ superiors that their attitude towards *824 attendance rules affected their ¡jolb performance and that of their division. Respondents’ evaluations of petitioners’ performances and conduct in their employment having been made in accordance with the statute and rules pertaining thereto (Civil Service Law, § 131, subd. 1; Performance Rating Rules of Department of Civil Service, § 35.1), it cannot be said that the ratings were arbitrary, unreasonable, nor did they constitute an abuse of discretion.
Accordingly, the petition is dismissed.